# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CINDY LIGHTHILL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:17-cv-0363 |
| ) | JUDGE CRENSHAW |
| DAVID K. MCDANIEL, ) | MAGISTRATE JUDGE HOLMES |
| LANDSTAR INWAY, INC., and ) | |
| LANDSTAR SYSTEM, INC. ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Strike Certain Defenses in Defendants' Answers (Docket No. 10). For the reasons stated herein, the Motion is DENIED. As a preliminary matter, the Court notes that there is a lack of consensus as to whether a motion to strike is a nondispositive matter that may be determined by a magistrate judge or a dispositive matter that must be addressed by a report and recommendation of the magistrate judge to the district judge. *See Barmore v. County Fair, Inc.*, No. 03-cv-888A, 2001 WL 976420, at *1 n.1 (motions to strike not dispositive) (citations omitted); *Herrera v. Mich. Dep't of Corrs.*, No. 5:10-cv-11215, 2011 WL 3862426, at *1 n.1 (motion to strike dispositive) (citations omitted). This issue was not addressed by either party in their respective papers, and was raised for the first time during argument. Given the lack of direct guidance in the Sixth Circuit, and at least under the present

circumstances, the Court concludes that its determination is a nondispositive one that may therefore be issued by memorandum and order.[1]

**Background**

Plaintiffs originally filed a lawsuit in the Dickson County Circuit Court on January 23, 2017, for damages arising out of a June 17, 2016 multi-vehicle accident on Interstate 40 at the exit 172 ramp. *See* Docket No. 1-2. Defendants removed the lawsuit to this court on February 15, 2017. Docket No. 1. Plaintiffs allege that a commercial tractor-trailer owned by Defendant Landstar Inway and operated by Defendant David McDaniel while employed by Landstar Inway collided with a Ford Expedition in which Plaintiff Shari Dodd was a passenger. *Id*. at 2-3.[2] In their answers to the Complaint, Defendants asserts the following at-issue affirmative defenses:[3]

SECOND DEFENSE

>Defendant avers that there exists no proximate causation between any averred act, omission or breach of duty by Defendant. In addition, Plaintiffs' averred damages, injuries and/or losses were the result of conduct of persons or entities other than Defendant.

THIRD DEFENSE

>Defendant avers that the injuries, damages and/or losses sustained by Plaintiffs were a direct or proximate result of the negligence or fault of one or more persons or entities and, therefore, Defendant's liability, if any, to Plaintiffs for damages, should be diminished, reduced or set off based upon fault and responsibility of Plaintiffs or of such other persons and/or entities, or of both.

FIFTH DEFENSE

>Defendant alleges that Exit 172, for westbound traffic on Interstate 40, was designed and constructed by federal and state officials in such a manner so as to cause traffic to back up on Interstate 40 requiring such traffic to use the

---

[1] To the extent that the Honorable Waverly D. Crenshaw, Jr., Chief District Judge, may disagree with this conclusion, the undersigned Magistrate Judge respectfully submits this as a report and recommendation.
[2] The parties have agreed to dismissal of originally-named Defendant Landstar Systems, Inc. *See* Stipulation of Dismissal at Docket No. 25.
[3] Defendants' answers were filed on February 16, 2017 (Docket Nos. 5 and 6).

2

northernmost shoulder of Interstate 40 and encroach into the northernmost travel lane of Interstate 40, thereby impeding the normal flow of traffic, which caused or contributed to the subject accident.

Plaintiffs move to strike these affirmative defenses claiming that the defenses are impermissibly vague and "fail to comport with applicable law" by failing to identify the allegedly culpable nonparties and failing to provide a factual basis for the claims of comparative fault. Docket No. 10-1. The "applicable law" to which Plaintiffs refer is Tennessee R. Civ. P. 8.03. Docket No. 11 at 2.

**Analysis and Conclusion**

Federal Rule of Civil Procedure 12(f) permits the court to strike, at any time, an "insufficient defense or any redundant, immaterial, impertinent, or scandalous" matter. "[I]t is well-established that the action of striking a pleading should be sparingly used by the courts." *Brown v. Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953). Thus, "a motion to strike should be granted only when the pleading to be stri[c]ken has no possible relation to the controversy." *Parlak v. United States Immigration & Customs Enforcement,* No. 05-2003, 2006 WL 3634385, at *1 (6th Cir.2006) (quoting *Brown*, 201 F.2d at 822).

To the extent that there is a divergent approach to the question of the sufficiency of a comparative fault defense in a federal pleading, the Court finds more persuasive the reasoning in *Thomas v. Jenkins*, 3:16-cv-1830, 2016 WL 6566707, at *3-4 (M.D. Tenn. Nov. 4, 2016) (Sharp, J.), which is directly on point. *Thomas* was also a vehicle crash case, in which the comparative fault defense was even less descriptive than the second, third, and fifth affirmative defenses asserted by Defendants in this case. Nevertheless, the plaintiffs' motion to strike was denied, because this court concluded the defense was sufficient under Fed. R. Civ. P. 8, which controls in

3

diversity cases, such as the one here, and only requires that a plaintiff be afforded fair notice of the nature of the defense. *Id*. at *3.

This same "fair notice standard" was previously recognized by this court in *Bowen v. Paisley*, cited by Plaintiffs (Docket No. 50 at 4), which held that "a defendant asserting an affirmative defense is not required to plead specific supporting facts," and may instead plead an affirmative defense in general terms, "as long as it gives plaintiff fair notice of the nature of the defense." No. 3:13-cv-0414, 2014 WL 2708499, at *7 (M.D. Tenn. June 16, 2014) (Trauger, J.) (citation omitted). Here, Defendants have "adequately provided notice to [Plaintiffs] of the grounds [comparative fault] for the particular defenses at issue." *Id*. Other courts have agreed as well that lack of identification of third parties by names and of other details does not prevent an affirmative defense from putting a plaintiff on fair notice that third parties may be at fault. *See e.g. Rosada v. John Wieland Homes and Neighborhoods, Inc.*, 3:09-cv-653, 2010 WL 1249841, at *4 (M.D. Fla. March 25, 2010) (failure to identify third parties by name does not prevent a comparative-fault defense from adequately putting plaintiff on notice that third parties may be at fault); *Cox v. Nestle USA, Inc.*, No. 06-1263, 2008 WL 4443266, at *2 (W.D. Tenn. Sept. 26, 2008) (same); *Kizziah v. Fire Management Systems*, No. 1:04-cv- 374, 2006 WL 218026, at *9 (E.D. Tenn. Jan. 27, 2006) (although defense did not identify anyone other than defendant who caused plaintiff's damages, it was sufficient to properly assert a comparative fault defense). This Court concurs.

The Court is not convinced that the *Free v. Carnesale* case relied upon by Plaintiffs compels a different result. 110 F.3d 1227 (6th Cir. 1997). *Free* did not address the apparent distinction between the sufficiency of a pled affirmative defense under Tenn. R. Civ. P. 8.03 and under Fed. R. Civ. P. 8. Additionally, as noted, multiple other courts since *Free*, including courts in the Sixth Circuit, have applied the "fair notice" standard of Fed. R. Civ. 8 to comparative fault defenses. Most importantly, and notwithstanding Rule 8.03, Tennessee law leaves open the

possibility "that a defendant may identify a responsible party after the filing of its [a]nswer, so long as it does so sufficiently in advance of trial to allow plaintiff the opportunity to join the responsible party." *Thomas*, *supra*, at *4. Indeed, the concern in *Free* was whether, as of the time of trial, the defendant had given adequate notice of or sufficient support for its comparative fault defense. For all of these reasons, the Court declines to construe *Free* to require that the defenses at issue be stricken.

The Court acknowledges that the *Estate of Robles* case relied on by Plaintiffs reaches a different outcome. *Estate of Robles v. Vanderbilt University*, No. 3:11-cv-00399, 2011 WL 5521172 (M.D. Tenn. Nov.14, 2011) (Nixon, J.) However, in that case, the defendants were expressly allowed the opportunity to amend their answer to assert comparative fault after further discovery. Id. at *6. Here, Plaintiff has not allowed for that prospect.[4]

---

[4] Whether or not such an amendment would be permissible given the timing restrictions of Fed. R. Civ. P. 8(c)(1) for raising a comparative default defense was not addressed by Plaintiff. Arguably, Plaintiff could agree for Defendants to now strike the at-issue defenses and raise them later without prejudice. However, the Court supposes that Plaintiff would not agree to allow Defendants to amend their answers after further discovery, because Plaintiff asserted in argument that this is an urgent issue as she is in need of more detailed information to further amend their complaint prior to expiration of the statute of limitations. Plaintiffs did not however provide the Court with any specific supporting authority for that contention. Additionally, the Court can conceive of a variety of circumstances in which comparative fault defenses might be raised for the first time after expiration of a plaintiff's statute of limitations. Put another way, Plaintiffs have also failed to convince the Court that there is a timing problem needing the remedy they seek. In response to Plaintiff's claim of exigency, Defendants assert that Tenn. Code Ann. § 20-1-119 saves Plaintiffs from any limitations issues. However, the applicability and scope of that statute are not before the Court, and the Court therefore declines to address those issues. Moreover, if Plaintiff was that concerned about a potential statute of limitations problem, it was "incumbent upon [her] to conduct discovery or take other appropriate action to identify the third party." *Cox*, 2008 WL 4443266 at *1 (citation omitted). Such other action might have included, for example, a specific request for expedited limited discovery as to the comparative fault defenses asserted by Defendants.

"Striking defenses under Rule 12(f) is an extraordinary action that is not necessary at this early stage in this case." *Bowen*, *supra*, at *7.  Plaintiff's motion to strike is therefore DENIED.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge