UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHARI DODD and ROBERT WAYNE DODD, JR., ) ) ) Plaintiffs, ) ) v. ) ) DAVID K. MCDANIEL and ) LANDSTAR INWAY, ) ) Defendants. ) | No. 3:16:cv-02608 Chief Judge Crenshaw |

**************************************************************************

| | |
|---|---|
| CINDY LIGHTHILL, ) ) Plaintiff, ) ) v. ) ) DAVID K. MCDANIEL; and ) LANDSTAR INWAY, INC., ) ) Defendants. ) | No. 3:17-CV-00363 Chief Judge Crenshaw |

## ORDER

In these cases that arose out of a motor vehicle accident and which have been consolidated for case management and discovery purposes, Defendants have filed a "Motion to Consolidate Related Cases for Trial." (Case No. 3:16-cv-2608, Doc. No. 61; Case No. 3:17-cv-00363, Doc. No. 30). Plaintiffs in both cases oppose that request. (Case No. 3:16-cv-2608, Doc. No. 65; Case No. 3:17-cv-00363, Doc. No. 34).

The Federal Rules of Civil Procedure provide:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

1

> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court, and the court's decision is reviewed for abuse of discretion." Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993) (citing Stemler v. Burke, 344 F.2d 393, 396 (6th Cir. 1965)). "The underlying objective is to administer the court's business 'with expedition and economy while providing justice to the parties.'" United States ex rel. Cook v. Cmty. Health Sys., Inc., 2015 WL 10934319, at *1 (M.D. Tenn. Feb. 25, 2015) (quoting Advey v. Celotex Corp., 962 F.2d 1177, 1180 (6th Cir. 1992)).

In moving to consolidate the trials, Defendants assert that the actions involve essentially identical questions of law and fact, inasmuch as each is a personal injury lawsuit that arose out of the same motor vehicle accident, and Ms. Lighthill and Ms. Dodd were in the same vehicle. Further, the Complaints in the two cases are virtually identical, and present the same factual allegations and legal theories. As such, and because the only differentiating issue relates to damages, Defendants submit that consolidating the cases will result in judicial economy. This is because fact and expert witnesses on liability will only need to testify once, the possibility of inconsistent verdicts will be reduced if not eliminated, and the length of time required to conclude the two suits will be significantly reduced.

In response, the Plaintiffs in the two cases submit that the commonalities between the two cases begin and end with the accident at issue. Beyond that, their injuries were vastly different, with Ms. Lighthill likely calling up to six different health care provides to testify as to damages, and Ms.

Dodd calling an additional sixteen providers who treated her. They also assert that the damages testimony for each could last up to two days, and that there would be only a marginal savings in court time because a consolidated trial would probably take seven to eight days, while a single trial would last around five days, with the prospect that the second trial would not even have to be conducted once the parties reevaluate their positions based upon the verdict in the first trial.

In a case involving similar circumstances (*i.e.*, personal injuries arising out of a motor vehicle accident in which one plaintiff was the driver and the other a passenger) and similar arguments, the court in Groh v. State Farm Mut. Auto. Ins. Co., 2011 WL 13680, at *2 (S.D. Ohio Jan. 3, 2011) opted to consolidate the actions for purposes of discovery only, and to deny without prejudice a motion to consolidate for trial until after discovery was completed. See also Schone v. Auto. Club Inter-Ins. Exch., 2014 WL 11485716, at *2 (D. Kan. July 31, 2014) (consolidating cases for all pretrial proceedings but deferring ruling on motion to consolidate trial until the final pretrial conference). The Court finds this to be the prudent approach because once discovery has been concluded, the Court will be in a better position to evaluate the pros and cons of consolidating the cases for trial and whether such consolidation will prejudice any of the parties.

Furthermore, and depending on what the discovery evidence shows, it may be appropriate to consolidate the cases on the issue of liability and try the damages issues separately, which would avoid Defendants' concerns about inconsistent verdicts. See Gray v. Ratanchandani, 2016 WL 6433040, at *2 (M.D. Pa. Oct. 31, 2016) (consolidating motor vehicle accident cases for purposes of liability but not damages where "the medical testimony is likely to be different and could prejudice either or both of the plaintiffs if their damages claims were tried together"); see generally, Fed. R. Civ. P. 42(b) (providing that "[f]or convenience, to avoid prejudice, or to expedite and

3

economize, the court may order a separate trial as of one or more separate issues or . . . claims"). This, too, is an issue best addressed after discovery has been completed.

Accordingly, the Motions to Consolidate Related Cases for Trial (Case No. 3:16-cv-2608, Doc. No. 61; Case No. 3:17-cv-00363, Doc. No. 30) are hereby **DENIED WITHOUT PREJUDICE** to refiling upon completion of discovery. These two cases are hereby **RETURNED** to Magistrate Judge Holmes for further pretrial case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE